## STATE v. DE PRETTO.

No. 2808.    Decided January 26, 1916 (155 Pac. 336).

CRIMINAL LAW—RIGHT TO CONFRONT WITNESSES—TESTIMONY AT PRELIMINARY HEARING—DILIGENCE. Under Comp. Laws 1907, 4513, providing that in criminal prosecutions defendant shall be entitled to be confronted by the witnesses against him, except that, where there has been a preliminary examination, and testimony of a witness has been taken down by question and answer, in the presence of the defendant, who had an opportunity to cross-examine, the deposition of such witness may be read upon a satisfactory showing that he cannot with due diligence be found within the state, and section 4685x1, to the same effect, the state, showing that the witness was not within the state, but was in another state at the time and for some time preceding the trial, was not required to further prove that a special effort was made to find the witness within the state, and might read his testimony in evidence at the trial.

Appeal from District court, Third District; *Hon. M. L. Ritchie,* Judge.

Frank De Pretto was convicted of murder in the first degree, and he appeals.

AFFIRMED.

*Ben Johnson* and *W. T. Gunter* for appellant.

*A. R. Barnes, Atty. Gen.,* and *E. V. Higgins* and *G. A. Iverson, Asst. Attys. Gen.* for the State.

FRICK, J.   The defendant on the 14th day of November, 1914, was convicted of murder in the first degree, and appeals.

The only assignment of error presented for review, giving it in counsel's own language, is "whether or not the prosecution used due diligence  *  *  *,  to locate one John Austin Raleigh, a witness for the state, and whether or not the court was justified in allowing and permitting the transcript of the testimony of said Raleigh as taken at the preliminary hearing in this matter to be read in evidence at the trial." The alleged error is based on Comp. Laws 1907, 4513, which, so far as material, reads as follows:

"'In criminal prosecutions, the defendant shall be entitled: *  *  *  (4)   To be confronted by the witness against him, except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer, in the presence of the defendant, who has, either in person or by counsel, cross-examined, or has had an opportunity to cross-examine, the witness,  *   *   * the deposition of such witness may be read, upon it being satisfactorily shown to the court that he is dead or insane, or cannot, with due diligence, be found within the state."

Section 4685x1 is practically to the same effect.

Counsel for the defendant insists that "due diligence was not shown" by the prosecution to find or locate the witness "within the state" as required by the sections referred to, and hence it was error to permit the transcript of the testimony of the witness which was taken at the preliminary hearing to be read in evidence against the defendant at the trial.   What constitutes sufficient diligence on the part of the state to authorize the evidence of a witness taken on the preliminary hearing to be read at the trial has frequently been passed on by this court.   *State* v. *King,* 24 Utah, 482, 68 Pac. 418, 91 Am. St. Rep. 808; *State* v. *Vance,* 38 Utah, 1, 110 Pac.

434; *State* v. *Greene,* 38 Utah, 389, 115 Pac. 181; *State* v. *Inlow,* 44 Utah, 485, 141 Pac. 530; *State* v. *Hillstrom,* 46 Utah, 341, 150 Pac. 935. While it is true that in this case the state did not make great effort to find the witness within this jurisdiction, yet the state's evidence is ample to show that the witness, in fact, was not within the state, but was absent therefrom in the state of California at the time of and for some time preceding the trial. Where the proof is sufficient to show that a witness whose testimony was taken at the preliminary hearing is, in fact, out of the state, then it is not necessary to further prove that special effort was made to find the witnesses within the state in order to authorize his testimony taken as aforesaid to be read in evidence at the trial. The law does not require needless things to be done. The statutory requirement just referred to is fully complied with if it be shown that the witness is, in fact, in another jurisdiction. Where such is the case, it would be needless to search for the witness within the state. The evidence being sufficient to show that the witness was in another state, and the other requirements of the statute having been complied with, the court committed no error against the defendant by permitting the state to read the transcript of the tesimony of the absent witness in evidence against him.

This disposes of the appeal. We desire to add, however, that in view that this is a capital case we have examined into the evidence, and, after doing so, are thoroughly convinced that the verdict of guilty is not only justified by the evidence, but it is the only conclusion that the jury could logically have arrived at under their oaths. Nor is there anything disclosed in the record which would justify or authorize us to interfere with the verdict and judgment.

The judgment is therefore affirmed.

STRAUP, C. J., and McCARTY, J., concur.